1  KEKER, VAN NEST & PETERS LLP
   DAVID SILBERT - # 173128
2  dsilbert@keker.com
   DIVYA MUSINIPALLY - # 316114
3  dmusinipally@keker.com
   633 Battery Street
4  San Francisco, CA 94111-1809
   Telephone:     415 391 5400
5  Facsimile:     415 397 7188

6  Attorneys for Defendant COMCAST CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10  JAYSON GOTTMAN,                          Case No.

11             Plaintiff,                    **NOTICE OF REMOVAL**

12      v.                                   [Removed from Superior Court of California,
                                             Sacramento, Case No. 34-2017-00220252]
13  COMCAST CORPORATION, and DOES 1
    through 50, inclusive,                   Date Filed:  October 6, 2017
14
               Defendants.
15

1210936.03

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, Defendant Comcast Corporation[1], and Does 1-50 ("Comcast") hereby removes *Jayson Gottman v. Comcast Corporation and Does 1 through 50, inclusive*, Case No. 34-2017-00220252 from the Superior Court of California, Sacramento to the United States District Court for the Eastern District of California on the grounds stated below. Copies of this Notice of Removal are being served on Plaintiff's counsel and filed with the Clerk of the Sacramento Superior Court, as required under 28 U.S.C. § 1446(d).

**I.    INTRODUCTION**

1. On October 6, 2017, plaintiff Jayson Gottman ("Plaintiff") filed a putative class action against Comcast with a Class Action Complaint in the California Superior Court under the case caption *Jayson Gottman v. Comcast Corporation and Does 1 through 50, inclusive*, Case No. 34-2017-00220252. Comcast was served with the Class Action Complaint on November 21, 2017.

2. Plaintiff alleges that Comcast failed to take reasonable steps to verify consumer identities when setting up accounts for cable television and other services, in violation of California Civil Code section 1785.20.3 and California Business and Professions Code section 17200. Compl. ¶2. Plaintiff seeks economic and punitive damages, restitution, and/or injunctive relief, attorneys' fees, costs and expenses. Compl. pp.11.

3. Plaintiff styled the Complaint as a "Class Action Complaint" and seeks to represent and have certified a class of:

> All persons in the State of California who suffered injury when Comcast accounts were fraudulently created in their names, where Comcast, among other things, failed to take reasonable steps in response to mismatched information on their credit reports, as required by California Civil Code section 1785.20.3, and its related statutes

Compl. ¶12. Plaintiff alleges that the class "has a membership far in excess of 1,000 persons over the last four years." Compl. ¶14.

---

[1] Comcast Corporation is not a proper defendant in this action. The operating company, which Plaintiff should have named as the defendant, is Comcast Cable Communications, LLC.

## II. GROUNDS FOR REMOVAL

4. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Under the Class Action Fairness Act of 2005 ("CAFA"), United States district courts have original jurisdiction over purported class actions in which the number of members in the proposed class is at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5,000,000. See 28 U.S.C. § 1332(d).

6. As set forth more fully below, Comcast may remove this case to this Court because (1) the putative class includes at least 100 people; (2) at least one member of the putative class is a citizen of a State different from at least one defendant; and (3) the matter in controversy as alleged exceeds $5,000,000.

### A. The putative class includes at least 100 people.

7. A class action is removable under CAFA if the "number of members of all proposed plaintiff classes" is greater than or equal to 100. 29 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that "the Class has a membership far in excess of 1,000 persons over the last four years." Compl. ¶14. The proposed class therefore exceeds 100 members.

### B. There is minimal diversity.

8. A class action is removable under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The putative class consists of persons in the State of California. Compl. ¶12. Comcast Corporation is headquartered in Philadelphia, Pennsylvania and incorporated in Pennsylvania. Thus, CAFA's minimum diversity requirement is satisfied because Defendant and at least one member of Plaintiff's proposed class are citizens of different states.

### C. The amount in controversy exceeds $5,000,000.

9. A class action is removable under CAFA if the "matter in controversy exceeds the

2

1210936.03

sum or value of $5,000,000, exclusive of interest and costs[.]"  28 U.S.C. § 1332(d)(2).  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "If the complaint as filed puts more than [the minimum amount in controversy] at issue, then a district court has jurisdiction and may resolve on the merits every legal theory and aspect of damages." *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004).

10.  The amount in controversy under CAFA takes into account more than damages.  Where the statutes at issue authorize them—which one or both statutes alleged here do—it also includes attorneys' fees, *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (overruled on other grounds as discussed in *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013), punitive damages, *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1248 (10th Cir. 2012), and the cost of injunctive relief, *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011).

11.  For purposes of a default judgment, Plaintiff prays for damages of $4,999,999, and alleges that this amount could increase if the matter is litigated.  Compl. pp. 11-12.  Plaintiff further alleges that this amount does *not* include attorneys' fees and costs, which he also prays for.  *Id.*  Thus, taking into account attorneys' fees and damages requested in the Complaint alone, the amount in controversy exceeds the $5,000,000 threshold.

12.  Moreover, the statute at issue authorizes "punitive damages of not more than thirty thousand dollars ($30,000) for each violation, as the court deems proper."  Cal. Civ. Code § 1785.20.3(c).  Plaintiff prays for punitive damages, and alleges a class of more than 1,000 persons.  Thus, while Comcast vigorously disputes that any liability exists, or that punitive damages in any amount would be proper if it did, for purposes of CAFA jurisdiction the amount in controversy exceeds $30 million from punitive damages alone.  This is well over the $5,000,000 jurisdictional threshold under 28 U.S.C. § 1332(d).  Accordingly, the amount in controversy requirement for removal is satisfied.

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13.  Pursuant to 28 U.S.C. § 1446(a),  copies of this Notice of Removal are being

1210936.03

served on Plaintiff's counsel and filed with the Clerk of the Superior Court of California, Sacramento. A true and correct copy of the Complaint sent to counsel for Comcast in the state-court action is attached to this Notice as **Exhibit A**.

14. This Notice of Removal has been filed within 30 days of the date that Comcast was served with the Complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Eastern District of California is the federal district embracing the Superior Court of California, Sacramento where the state court action was originally filed.

## IV. CONCLUSION

By this Notice of Removal, Comcast does not waive any objections it may have as to service, jurisdiction or venue, or any defenses or objections it may have to this action. Comcast intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

Dated:  December 19, 2017                             KEKER, VAN NEST & PETERS LLP

                                                                        By:   /s/ David Silbert
                                                                              DAVID SILBERT

                                                                              Attorneys for Defendant COMCAST
                                                                              CORPORATION