UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAYSON GOTTMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMCAST CORPORATION, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Civ. No.　2:17-2648 WBS AC<br><br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Jayson Gottman brought this putative class action against Comcast Corporation ("Comcast") alleging violations of state law arising out of defendant's failure to protect consumers from identity theft.[1] Presently before the court is defendant Comcast's Motion to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) on the ground that the

---

[1] Although defendant does not base its motion to dismiss on that ground, defendant claims that Comcast Corporation is not a proper defendant in this action, and that Plaintiff should have named the operating company, which is Comcast Cable Communications, LLC. (Def.'s P. & A. at 1.)

1

claims asserted by plaintiff are preempted by federal law. (Def.'s Mot. (Docket No. 4).)

I.  Facts and Procedural History

On December 23, 2016, Comcast called plaintiff to try to collect an unpaid balance of $786.34 on a fraudulent account created in plaintiff's name. (Compl. ¶ 30 (Docket No. 1-1).) Over the next two weeks, plaintiff learned that Comcast had made an inquiry into his credit report for purposes of establishing the new account. (Id. ¶ 31.) The address provided in conjunction with the new account did not match any of the addresses reflected on plaintiff's credit report. (Id.) Plaintiff provided Comcast with evidence that the account was fraudulent, which included a police report and a declaration of identity theft. (Id. ¶ 32.) Plaintiff asked Comcast for compensation for the expenses he incurred as a result of the fraudulent account. (Id.) Plaintiff alleges that he received a call from "Lynell," a representative from Comcast, rejecting his request for compensation. (Id. ¶ 34). Plaintiff allegedly asked "Lynell" what additional steps were taken to confirm the identity of the individual opening the account in his name, and "Lynell" replied, "we don't use additional steps, people move all the time." (Id. ¶ 35.)

On October 6, 2017, plaintiff filed a putative class action against defendant in California Superior Court alleging defendant failed to take reasonable steps to verify consumer identities when setting up accounts for cable television and other services, in violation of California Civil Code § 1785.20.3 and California Business and Professions Code § 17200. (Id. ¶ 2.)

Plaintiff seeks to certify a class consisting of: "[a]ll persons in the State of California who suffered injury when Comcast accounts were fraudulently created in their names, where Comcast, among other things, failed to take reasonable steps in response to mismatched information on their credit reports, as required by California Civil Code section 1785.20.3, and its related statutes." (Id. ¶ 12.) On December 19, 2017, defendant removed the case under 28 U.S.C. § 1441(a) based on diversity jurisdiction under 28 U.S.C. § 1332(d). (Def.'s Notice of Removal (Docket No. 1).)

II. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

III. Discussion

Defendant argues that plaintiff's first cause of action

under California Civil Code § 1785.20.3 is expressly preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(h). (Def.'s P. & A. at 2 (Docket No. 4).) Defendant argues that because both provisions address the same subject, specifically situations where the information on an application for credit does not match the information on the consumer's credit report, the state statute is expressly preempted under section 1681t(b)(1)(E) of the FCRA. (Id. at 5-6.)

A. California Civil Code § 1785.20.3

California Civil Code § 1785.20.3 states in relevant part:

> (a) Any person who uses a consumer credit report in connection with the approval of credit based on an application for an extension of credit, and who discovers that the consumer's first and last name, address, or social security number, on the credit application does not match, within a reasonable degree of certainty, the consumer's first and last name, address or addresses, or social security number listed, if any, on the consumer credit report, shall take reasonable steps to verify the accuracy of the consumer's first and last name, address, or social security number provided on the application to confirm that the extension of credit is not the result of identity theft, as defined in Section 1798.92.

Cal. Civ. Code § 1785.20.3.

B. Section 1681c(h) of the FCRA

In comparison to the California statute, Section 1681c titled "Requirements relating to information contained in consumer reports" of the FCRA states:

> (h) Notice of discrepancy in address
>
> (1) In general
>
> If a person has requested a consumer report relating to a consumer from a consumer reporting agency described

4

in section 1681a(p)[2] of this title, the request includes an address for the consumer that substantially differs from the addresses in the file of the consumer, and the agency provides a consumer report in response to the request, the consumer reporting agency shall notify the requester of the existence of the discrepancy.

15 U.S.C. § 1681c(h)(1). Furthermore, § 1681c(h)(2) requires the Consumer Financial Protection Bureau, in consultation with other agencies, to "prescribe regulations providing guidance regarding reasonable policies and procedures that a user of a consumer report should employ when such user has received a notice of discrepancy[3] under paragraph (1)." 15 U.S.C. § 1681c(h)(2)(A). These regulations shall include reasonable policies and procedures for a user of a consumer report "to form a reasonable belief that the user knows the identity of the person to whom the consumer report pertains." 15 U.S.C. § 1681c(h)(2)(B)(i). In

---

[2] 15 U.S.C. § 1681a(p) states:
The term "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" means a consumer reporting agency that regularly engages in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:
 (1) Public record information.
 (2) Credit account information from persons who furnish that information regularly and in the ordinary course of business.

[3] "[A] notice of address discrepancy means a notice sent to a user by a consumer reporting agency . . . that informs the user of a substantial difference between the address for the consumer that the user provided to request the consumer report and the address(es) in the agency's file for the consumer." 16 C.F.R. § 641.1; 12 C.F.R. § 1022.82.

5

addition, "if the user establishes a continuing relationship with the consumer, and the user regularly and in the ordinary course of business furnishes information to the consumer reporting agency from which the notice of discrepancy pertaining to the consumer was obtained," the user will "reconcile the address of the consumer with the consumer reporting agency by furnishing such address to such consumer reporting agency as part of information regularly furnished by the user." 15 U.S.C. § 1681c(h)(2)(B)(ii).

### C. Preemption

The Supremacy Clause of the United States Constitution states that the laws of the United States "shall be the supreme Law of the Land; ... any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Federal law preempts state law under the Supremacy Clause in three circumstances: (1) express preemption; (2) field preemption; and (3) conflict preemption. See Indus. Truck Ass'n, Inc. v. Henry, 125 F.3d 1305, 1309 (9th Cir. 1997). A state law can be expressly preempted by federal law when "Congress explicitly defines the extent to which its enactments preempt state law." See id. "In interpreting a preemption clause, '[w]e must give effect to [its] plain language unless there is good reason to believe Congress intended the language to have some more restrictive meaning.'" Am. Bankers Ass'n v. Gould, 412 F.3d 1081, 1086 (9th Cir. 2005) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983)). "In interpreting the scope of a preemption clause, we generally presume that Congress has not intended to preempt state law." Id. Thus, the question here is

whether § 1785.20.3 is the type of law expressly preempted by the FCRA.

Defendant argues that the FCRA expressly preempts state laws from changing or adding to provisions in section 1681(c) that went into effect after September 1996. Because California Civil Code went into effect in 2002, defendant asserts that it is preempted by the FCRA. (Def.'s P & A. at 6. (citing A.B. 655, 2001 Cal. Legis. Serv. Ch. 354 (Ca. 2002)).) The general preemption provision of the FCRA states:

> Except as provided in subsections (b) and (c), this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

15 U.S.C. § 1681t(a). Thus, the FCRA generally does not preempt state laws. See id; see also Guillen v. Bank of Am. Corp., Civ. No. 5:10-5825 EJD, 2011 WL 4071996, at *6 (N.D. Cal. Aug. 31, 2011). However, there are general exceptions to § 1681t(a), which "carv[e] out from the general no-preemption rule a series of discrete areas in which federal law henceforth would govern to the exclusion of state law." Brown v. Mortensen, 51 Cal. 4th 1052, 1062 (2011).

Defendant asserts that Section 1681t(b)(1)(E) carves out an exception to the general rule and thus preempts California's law attempting to define the obligations of users of credit information who discover discrepancies in the consumer's information. Section 1681t(b)(1)(E) states, in relevant part:

(b) General Exceptions

7

> No requirement or prohibition may be imposed under the laws of any State—
>
> (1) with respect to any subject matter regulated under--
>
> > (E) section 1681c of this title, relating to information contained in consumer reports, except that this subparagraph shall not apply to any State law in effect on September 30, 1996;

15 U.S.C. § 1681t. Here, the court must address to what extent California Civil Code § 1785.20.3 addresses the same subject matter that is regulated by § 1681c(h) of the FCRA. See Brown, 51 Cal. 4th at 1062 (stating "[t]he scope of this preemption clause [1681t(b)(1)(F)] hinges on an interpretation of what the "subject matter regulated" under section 1681s-2 is.")[4]

Section 1681c(h) of the FCRA requires the consumer reporting agency to notify the requester of the consumer report, in this case Comcast, if the address of the consumer substantially differs from the addresses in the file of the consumer. Thus, the statute obligates the consumer reporting agency to act when there are discrepancies in the consumer's information. As to the user of the credit report, the statute directs the Bureau of Consumer Financial Protection "to prescribe regulations that users of the consumer reports should employ when such user has received a notice of discrepancy [from the consumer reporting agency]." 15 U.S.C. § 1681(c)(h)(1). Thus, the regulations do not apply unless the user receives a notice of discrepancy from a consumer reporting agency. Here, there are no

---

[4] While Brown considered the application of 1681t(b)(1)(F), a provision carving out from the general no-preemption rule of the FCRA an exception for section 1681s-2, the court's analysis as to whether a particular "subject matter" is preempted by the FCRA's preemption provision is informative.

allegations that defendant received a notice of discrepancy from a credit reporting agency. Accordingly, defendant would not be subject to the FCRA regulations that concern users of consumer credit reports.[5]

In comparison, California Civil Code § 1785.20.3 requires the user of the credit report to take reasonable steps to verify the accuracy of the consumer's information, regardless of whether the user receives a notice of discrepancy by the consumer reporting agency or not. Thus, both statutes discuss circumstances where the consumer's address on the application for credit does not match the address on a consumer's credit report. However, the statutes differ as to who is required to take additional steps to either notify or verify the consumer's information and under what circumstances the notification or verification of the information is required. The court must determine, given these differences, whether the statutes still address the same "subject matter" as defined by the FCRA.

Defendant argues the "subject matter" preempted under § 1681c(h) is clear and includes any state law, going into effect

---

[5] Once the user receives notice of the discrepancy, the statute directs the Bureau of Consumer Financial Protection to prescribe regulations that include "requirements so that the user of the report can confirm the identity of the consumer." Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1109 (9th Cir. 2012) (citing 15 U.S.C. § 1681(c)(h)(2).) Again, plaintiff does not allege, and defendant does not argue, that a credit reporting agency should have or did provide any statutory notice to defendant. Moreover, any regulation that requires the user to reconcile the address of the consumer with the consumer reporting agency only applies to users that regularly and in the ordinary course of business furnish information to the consumer reporting agency. See 15 U.S.C. § 1681c(h)(2)(B)(ii). Here, neither party argues that defendant is a "furnisher" under the FCRA.

after September 1996, that defines the obligations of both consumer reporting agencies and report requesters when a consumer provides an address that differs from the one in the credit report. (Def.'s P. & A. at 6.) The court disagrees and concludes the "'subject matter regulated' under section 1681[c(h)] is ambiguous because the level of generality at which one is to characterize that subject matter is unclear, and thus, so is the domain expressly preempted by section 1681t(b)(1)[(E)]." Brown, 51 Cal. 4th at 1063. Because of the ambiguity and generality, the court has little guidance to determine how it should interpret the "subject matter regulated" under § 1681c(h). The preemption provision § 1681t(b)(1)(E) of the FCRA could be read broadly as preempting all state laws relating to any information contained in consumer reports, or to refer to state laws relating to circumstances where there is a discrepancy in a consumer's address, or even narrower to refer specifically to state laws that require a "(h) Notice of discrepancy in address." 15 U.S.C. § 1681c(h).

In Brown, the court considered two readings of the "subject-matter regulated" under 1681t(1)(b)(F), which carves out an exception to the general preemption provision for "section 1681s-2. . . relating to the responsibilities of persons who furnish information to consumer reporting agencies." The court determined the subject matter regulated by § 1681s-2 could encompass "all 'responsibilities of furnishers of information to consumer reporting agencies,' as the provision is captioned." Id. Conversely, when read more narrowly, the court determined that 1681t(b)(1)(F) could regulate only two discrete areas: state

10

laws regulating a furnisher's duties with respect to accuracy, or the handling of disputes after receiving official notice. See id. The court, aided by the presumption against preemption, held that the narrower reading regarding the scope of section 1681t(b)(1)(F's) preemption clause applied. See id. at 1064.

Considering Brown and the presumption against preemption, the court rejects defendant's broad reading of 1681c(h) in conjunction with 1681t(b)(1)(E). See Cipollone v. Liggett Grp., Inc., 505 U.S. 504, 518 (1992) (stating the presumption against preemption reinforces the appropriateness of a narrow reading of an express preemption provision of a statute). Thus, "it seems more plausible that section 1681t(b)(1)[(E)] was intended to preempt only those areas governing [users of consumer reports] where Congress had adopted an actual standard, [i.e. where the user receives "Notice of discrepancy in address" by the consumer reporting agency] . . . than that the section . . . intended to preempt all state laws implicating any duty that could have been regulated by section 1681[(c)(h)] but was not." [6] Brown, 51 Cal. 4th at 1069. Accordingly, section 1785.20.3 is not preempted because it establishes duties for users of consumer reports that are not

---

[6] A narrow interpretation of the preemption provision is also in line with the legislative history of 1681t(b). See Watkins v. Trans Union, L.L.C., 118 F. Supp. 2d 1217, 1222 (N.D. Ala. 2000) (stating the exceptions to the general rule that only inconsistent laws are preempted by the FCRA are sharply drawn and discrete and, by their own terms, "evidence no intent on the part of Congress to grant defendants . . . the extraordinary ability to recharacterize state law claims as a federal cause of action.")

11

addressed by the FCRA.  See Davenport v. Farmers Ins. Grp., 378 F.3d 839, 843 (8th Cir. 2004) ("The fact that the FCRA does not require consumer reporting agencies to notify insurance consumers that their reports may be examined is irrelevant to the issue of whether states may require insurance companies, as users of the reports, to provide notice before obtaining those reports."); Drew v. Equifax Info. Servs., Civ. No. 07-726 SI, 2007 WL 2028745, at *4 (N.D. Cal. July 11, 2007) ("Plaintiff's claim for violation of section 1785.20.3 of the [California Credit Reporting Agencies Act] survives.  It is not preempted by the FCRA, as it does not relate to the duties of furnishers, but rather, establishes certain duties on those who use consumer credit reports.")

Moreover, a state may give the consumer more protections than the FCRA as long as the state law is not an obstacle to the execution of the FCRA.  See Credit Data of Arizona, Inc. v. State of Ariz., 602 F.2d 195, 198 (9th Cir. 1979) ("[T]he Arizona Act does not stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the Federal Act since it merely adds an additional protection to the consumer for whose protection both statutes were enacted.")  California's decision to regulate the obligations of users of consumer credit reports does not obstruct the obligations of consumer reporting agencies or furnishers under federal law when informational discrepancies are found in the consumer's information.  Nor does the obligation conflict with § 1681c(h)(2) because the conduct which forms the basis of a violation of section 1785.20.3 does not implicate section

1681c(h). Compare Davis v. Maryland Bank, Civ. No. 00-4191, 2002 WL 32713429, at *13 (N.D. Cal. June 19, 2002) (finding California state law claims under section 1747.70 of California's Song-Beverly Act where preempted by the FCRA because "the conduct which forms the basis of a violation of section 1747.70(b) implicates section 1681s-2(b).") Thus, California may add protections for consumers by defining the obligations of users of consumer credit reports. Accordingly, § 1681c(h) of the FCRA does not preempt § 1785.20.3 of California's Civil Code, and defendant's motion to dismiss that claim must be denied.[7]

IT IS THEREFORE ORDERED that defendant Comcast's Motion to dismiss (Docket No. 4) be, and the same hereby is, DENIED.

Dated: February 23, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff has pled a § 1785.20.3 predicate claim upon which to base his California Unfair Competition Law claim. Accordingly, defendant's Motion to dismiss that claim must be denied as well.